RECEIVED

AUG – 9 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **THERESA JAMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **Case Number:** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| **SERVE:** | ) | |
| **Louis DeJoy, Postmaster General** | ) | |
| **United States Postal Service OIG** | ) | |
| **1735 North Lynn Street** | ) | |
| **Arlington, VA 22209-2020** | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.      This is a civil action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, for personal injuries sustained and property damages caused by the negligence of a United States Postal Service ("USPS") agent and employ arising out of a motor vehicle accident.

2.      On July 7, 2021, in the city of St. Louis, state of Missouri USPS employee Jeffrey K. Reid, while acting in the course and scope of his employment, caused a USPS motor vehicle - a 2021 Dodge 330 series truck, white in color - to collide with Theresa James' ("Plaintiff") 2009 Nissan Maxima, gray in color, thereby causing Plaintiff to suffer serious permanent and personal injuries, including, but not limited to extreme mental anguish and emotional distress, property damage, and loss of income.

3.      As a direct and proximate result of Defendant's actions, Plaintiff was traumatized, resulting in the need for reasonable and necessary medical treatment for her injuries.

4.      Plaintiff seeks damages for her injuries and property damage.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346 & 2671-80. The FTCA also confers jurisdiction under 28 U.S.C. § 1346(b)(1).

6.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim all transpired in the eastern district of Missouri; and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for loss of property and personal injury arising out of conduct of a United States employee.

## PARTIES

7.      Plaintiff is an adult female resident of the city of Granite City, Illinois, and domiciled in the state of Illinois.

8.      Plaintiff's cause of action accrued in the eastern district of Missouri.

9.      Defendant United States of America is the governing entity that operates and oversees the United States Postal Service; and in this action the United States acted through its agent and employee Jeffrey K. Reid.

8. At the time of the accident that gives rise to Plaintiff's claim, Defendant by and through its agent and employee Jeffrey K. Reid, who acted within the scope of his employment and under color of law of the United States, caused Plaintiff serious and permanent injuries.

## FACTS

9. On July 7, 2021, Defendant, by and though is duly authorized agent and employee, operated a motor vehicle on an open and public road in a general eastbound direction on Terry Avenue in the city of St. Louis, state of Missouri, approaching the intersection of Goodfellow

10. On the same date and time, Plaintiff operated her motor vehicle in a general northbound direction on Goodfellow Boulevard approaching its intersection with Terry Avenue.

11. As Plaintiff's vehicle entered the intersection, Defendant's agent and employee collided with Plaintiff's vehicle striking Plaintiff's vehicle at Plaintiff's driver's side door. Defendant, by and through its agent and employee's front bumper collided violently with Plaintiff's vehicle striking Plaintiff's driver's side door.

12. After the aforementioned violent collision, Plaintiff lost consciousness and was transported to Barnes Hospital by Medic 32, per trip number 39582.

12. Plaintiff sought follow up medical treatment for her injuries with licensed medical care providers; and Plaintiff incurred reasonable and necessary medical expenses as a direct and proximate result of her injuries.

13. Plaintiff sustained lost wages as a direct and proximate of Defendant's actions.

14. Plaintiff sustained property damages, including the total loss of her vehicle, as a direct and proximate result of Defendant's actions.

15. Plaintiff suffered extreme emotional and mental upset as a direct and proximate result of Defendant's actions.

16. Sometime after Plaintiff was released from treatment for her injuries, Plaintiff submitted a Standard Form 95 to United States Postal Service agents and employees to process Plaintiff's Federal Tort Claim; however, Defendant failed to communicate with Plaintiff any further thereby violating the 6-month deadline to respond to Plaintiff's Federal Tort Claim demand, as required by 28 U.S.C. §2675(a).

17. Defendant has not responded to Plaintiff, and accordingly, Plaintiff is now before this Court seeking damages for personal injury and property damage suffered at the hands of Defendant.

## CLAIMS FOR RELIEF

### Claim I: Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. Plaintiff restates and incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth here.

19. Defendant's actions, described above, constitute intentional infliction of emotional distress under the laws of the state of Missouri.

20. By negligently colliding with Plaintiff's vehicle and causing Plaintiff to lose consciousness, Defendant by and through its agent and employee, acting within the course and scope of his employment with Defendant, engaged in extreme and outrageous intentional behavior.

21. As a direct and proximate result of Defendant's actions, Plaintiff suffered and experienced severe and extreme emotional distress.

22. If the United States were a private person, it would be liable to Plaintiff under the laws of the state of Missouri for intentional infliction of emotional distress.

23. Under the FTCA, the United States is liable for actions taken by its employees acting within the course and scope of their employment with the United States Postal Service.

24. Because Defendant's agent and employee, Jeffrey Reid, acted within the scope of his employment as a United States Postal Service employee, the United States is liable for Plaintiffs' personal injuries resulting from Defendant's agent's actions.

### Claim II: Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80
### NEGLIGENCE

25. Plaintiff restates and incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth here.

26. Defendant, by operating a motor vehicle on an open and public road, owed Plaintiff and others similarly situated, the highest degree of care.

27. Defendant breached its duty of care when Defendant caused its vehicle to collide violently with Plaintiff's motor vehicle.

28. As a direct and proximate of Defendant's actions Plaintiff sustained injury and damages.

29. If the United States were a private person, it would be liable to Plaintiff for negligence.

30. Under the FTCA, the United States is liable for actions taken by its employees acting under color of their employment with the United States.

31. Because Defendant's agent acted within the scope of his employment with the United States Postal Service, the United States is liable

## Claim III: Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80
### TRESPASS TO CHATTEL

32. Plaintiff restates and incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth here.

33. Defendant's actions, described above, constitute trespass to chattel under the laws of the state of Missouri.

34. Defendant's vehicle's violent collision with Plaintiff's vehicle destroyed Plaintiff's vehicle resulting in a total loss of property to Plaintiff.

35. If the United States were a private person, it would be liable to Plaintiff for trespassing on Plaintiff's property because Plaintiff's vehicle was damaged in total as a direct and proximate result of Defendant's vehicle colliding with Plaintiff's vehicle.

36. Under the FTCA, the United States is liable for actions taken by its employees acting under color of their employment with the United States.

37. Because Defendant's agent acted within the scope of his employment as a United States Postal Service employee, the United States is liable for the property damage resulting from Defendant's actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a) RULE that the actions of Defendant were negligent and that Defendant breached its duty of care owed to Plaintiff; and Defendant's actions resulted in the intentional infliction of emotional distress, personal injuries, trespass to chattel, and lost wages, for which the United States is liable under the Federal Tort Claims Act;

b)  ENTER JUDGMENT awarding Theresa James compensatory damages in the amount of $250,000.00 against the United States;

c)  ENTER JUDGMENT awarding Theresa James compensatory and punitive damages against the Defendant United States Postal Service in an amount commensurate with the proof adduced at trial; and

d)  GRANT Theresa James such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

Theresa James, *pro se*
Plaintiff
2745 E 25th Street
Granite City, Illinois 62040
(618) 558-7835
teresajames1006@gmail.com