UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-CV-1097-ACL |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

### **MEMORANDUM AND ORDER**

Plaintiff Theresa James filed this action, *pro se*, asserting claims against the United States of America under the Federal Tort Claims Act ("FTCA") following an automobile accident involving a United States Postal Service ("USPS") employee. Presently pending before the Court is Plaintiff's Motion to Compel Defendant's Discovery Responses. (Doc. 50.) Defendant opposes the motion.

Plaintiff states that she sent Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents to Defendant on April 12, 2025. Plaintiff admits that this discovery was propounded prior to the Court's entry of the Case Management Order, but states that the deadline has long passed for Defendant to respond to the requests. Plaintiff further states that she has complied with her duties to resolve this discovery dispute, but Defendant has engaged in a number of dilatory tactics, including "changing lawyers mid-case," that have stalled resolution of this matter. (Doc. 50 at 2.)

Defendant has filed a Response, explaining that former Assistant U.S. Attorney Regan Hildebrand was lead counsel on this case and left employment on September 19, 2025. (Doc. 51.) Defendant's current counsel entered his appearance on September 30, 2025, and contacted

1

Plaintiff by telephone in early December 2025 to discuss scheduling depositions and see what discovery issues remained that needed to be addressed.  Defendant states that counsel did not hear back from Plaintiff.  Additionally, Defendant states that Plaintiff has not answered discovery requests sent by former counsel on July 15, 2025.  Defendant's counsel reached out to Plaintiff by email on January 6, 2026, but Plaintiff did not respond to the email and instead filed the instant Motion to Compel.  Defendant states that Plaintiff has not reached out to Defendant's counsel regarding any discovery dispute since October 2025, contrary to the allegations in her Motion.  Defendant's counsel indicates that he sent responses to Plaintiff's First Set of Interrogatories on January 22, 2026, but argues that Plaintiff's Requests for Production of Documents seek overly broad and unduly burdensome information.  Finally, Defendant requests that the deadline for discovery be extended for the purpose of taking depositions and resolving any other issues.

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to file a motion for an order to compel if a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents...as requested under Rule 34."  Rule 37 requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. Proc. 37(a)(1).  Similarly, Local Rule 3.04 provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04. Additionally, the undersigned's Judge's Requirements regarding discovery disputes provides as follows:

> Before filing any discovery-related motion, you must confer with opposing counsel and attempt to resolve the dispute, and in accordance with the relevant local rule, your motion must contain a certification that you have done so. Motions that do not contain the required certification will be denied without prejudice. The requirement that the parties confer means that the moving party must actually speak to opposing counsel, in person or by telephone. If opposing counsel will not return your calls when you attempt to resolve the matter, you should detail those efforts in your certification with the motion. I expect the parties to make a good faith effort to resolve the dispute prior to filing a discovery-related motion.

https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/acl.pdf.

The Court finds that Plaintiff fails to demonstrate a good faith, reasonable, and sincere effort to resolve the discovery dispute with opposing counsel as mandated by Local Rule 3.04 and the undersigned's Requirements. Plaintiff's Motion to Compel will, therefore, be denied on this basis. Should Plaintiff consider refiling a motion to compel after conferring with counsel for Defendant, the undersigned notes that the Court is inclined to agree with Defendant that Plaintiff's requests for production are overly broad and burdensome in light of the fact that Defendant will not contest liability in this matter.

Defendant has represented that Plaintiff has not responded to requests to schedule her deposition. Plaintiff is cautioned that even though she is proceeding *pro se*, she must comply with procedural rules and must fully participate in the discovery process, including the scheduling of depositions. *See Clemons v. Lombardi*, No. 4:13-cv-458-CDP, 2014 WL 409107, at *1 (E.D. Mo. Feb. 3, 2014) (citing *Faretta v. California*, 422 U.S. 806, 834– 35, 834 n.46 (1975)); *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural laws.").

3

Finally, the Court finds that it is necessary to extend the deadline for discovery in this matter so that depositions may be taken and any disputes can be resolved.  As a result, the deadline for the filing of dispositive motions will also be extended.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendant's Discovery Responses (Doc. 50) is **denied**.

**IT IS FURTHER ORDERED** that the deadline for the completion of all discovery is extended to **March 26, 2026**.

**IT IS FURTHER ORDERED** that any motions filed under *Daubert v. Merrell Don Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **April 24, 2026**.  Responses to any motions are due **May 15, 2026**.  Any reply is due **May 29, 2026**.

    /s/ *Abbie Crites-Leoni*
    ABBIE CRITES-LEONI
    UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of February, 2026.

4